Court in November, 1848. The other facts are sufficiently stated in the opinion of the court. (He cited *Harris* v. *Clark*, 4 Howard's P. R. 78.)

C. O'CONNOR, *for appellants*, cited 9 Paige, 638; 6 Howard, 203.

BRONSON, Ch. J.—The decree appealed from settles all the leading points in controversy between the parties, but it directs a reference for the purpose of ascertaining what real and personal estate falls within the operation of the decree; and directs the referee to take and state an account between the parties. On the coming in and confirmation of the report, the amount found due to either party is to be paid by the other, "at such time or times as shall be specified in said report;" and the sum of five thousand dollars is to be forthwith paid to the respondent, on account of the moneys which may be payable to him under the order or decree. The referee is to make his report with all convenient speed, "to the end that on the coming in and confirmation of his report, such further order and decree may be made thereon as shall be just." It is also ordered, that neither party shall have costs as against the other; "and that all further directions be reserved until the coming in of the said referee's report." Although the decree is final as to several particulars, it evidently is not so as to all. "Further directions" are reserved until the coming in of the report; and then "such further order and decree may be made thereon as shall be just." It will be necessary to set the cause down for a further decree on the coming in of the report. The decree already made is not final; and the appeal was premature. The point was decided in *Harris* v. *Clark*, at the last July term. Motion granted.

---

## SUPREME COURT.

### E. T. GRANT and al. vs. JOHN McCAUGHIN and al.

Where a defendant is allowed to answer on payment of costs, the court will not impose the further condition, that the defendant shall not set up the defence of usury.

*Albany Special Term, January,* 1850.—In this case Mr. C. L. AUSTIN moved to set aside a judgment and showed that the defendant had a good defence on the merits and that judgment had been entered in consequence of a misapprehension as to the effect of a stipulation that had been given to him extending the time to answer.

Mr. W. L. LARNED, resisted the motion, and showed that an execution had been issued, and that the answer tendered to him only set up the de-

fence of usury; and claimed that if the defendants were let in to answer on terms, it should be on the condition that they should not seek to avail themselves of the defence of usury.

PARKER, Justice, allowed the defendant to answer, on paying to the plaintiff $3.50, (being one-half the sum allowed by the code for the services of his attorney in prosecuting the action to judgment,) together with the disbursements included in the judgment and incurred on the execution, and also $10 for his costs of resisting the motion.

But he refused to impose any condition as to the nature of the defence. He said so long as the statute made the taking of usury a defence, it was entitled to be treated like every other legal defence, and he would make no discrimination in imposing terms. One of the defendants being insolvent, the judgment was directed to stand as security.